**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                       :
CATERPILLAR FINANCIAL SERVICES         :   CIVIL ACTION NO. 08-1532 (MLC)
CORPORATION,                           :
                                       :
     Plaintiff,                        :      MEMORANDUM OPINION
                                       :
     v.                                :
                                       :
GREEN DIAMOND NURSERIES, INC.,         :
et al.,                                :
                                       :
     Defendants.                       :
                                       :
```

**THE DEFENDANT** Raymond Thomas Ott, who is pro se, removed this action from state court on March 28, 2008, on grounds that are unclear. (Dkt. entry no. 1, Rmv. Not.) The Magistrate Judge ordered Ott to show cause why the action should not be remanded. (Dkt. entry no. 12, 6-27-08 Order to Show Cause; see unnumbered dkt. entry before dkt. entry no. 12, 6-26-08 Conf. (discussing jurisdiction).) See 28 U.S.C. §§ 1446(a), 1447(c) (stating removing party must demonstrate jurisdiction, and authorizing court to examine jurisdiction and remand action sua sponte).

**THE ACTION** was commenced in state court on March 1, 2005, against the defendants, Green Diamond Nurseries, Inc., and Ott, to recover money owed on the purchase of a backhoe and a screen machine. (Rmv. Not. at 1-2; dkt. entry no. 1, N.J. Super. Ct., Mercer County, No. 05-523, Compl.) Then, in the state courts:

April 2005:   default was entered against Ott;
May 2005:     an order for replevin for the backhoe and screen
              machine was issued;

| | |
|---|---|
| June 2005: | a writ of replevin was issued for the backhoe and screen machine; |
| July 2005: | a consent money judgment was entered, which Ott signed ("July 2005 Judgment"); |
| October 2005: | a writ of replevin was issued for the backhoe; |
| January 2006: | an order was entered (1) vacating the default entered against Ott, but (2) denying Ott's motion to vacate the July 2005 Judgment; |
| July 2006: | an order was entered (1) re-entering default against Ott, (2) striking his answer and counterclaims, and (3) directing certain payments by Ott; |
| August 8, 2006: | an order was issued permitting the plaintiff to repossess the backhoe, as Ott failed to make the aforementioned payments; |
| August 15, 2006: | the New Jersey Appellate Division denied Ott's request for an emergent stay and leave to appeal; |
| August 28, 2006: | a writ of possession of the backhoe was issued; |
| September 2006: | a lien was issued against Ott; |
| October 2006: | an order was entered granting the plaintiff's motion to enforce its rights to the backhoe, wherein it was noted that Ott's request for an adjournment was denied ("October 2006 Order"); |
| March 2007: | a warrant for Ott's arrest was issued; |
| September 2007: | a warrant to satisfy the July 2005 Judgment was issued; and |
| January 2008: | an order was entered denying Ott's motion to vacate the October 2006 Order; |
| January 17, 2008: | Ott filed a third-party complaint in state court; |
| March 2008: | an order was entered striking Ott's third-party claims ("March 2008 Order"). |

(Rmv Not., Exs. H-J; <u>see</u> dkt. entry no. 7, 5-1-08 Letter, Ex. B; dkt. entry no. 17, Pl. Certif., Ex. F.)

**OTT** alleges that:

(1) all of the state-court decisions came about from "ex parte secret proceedings" (Rmv. Not. at 3);

(2) the plaintiff was awarded more than it was entitled to recover (id. at 4);

(3) he "is coming to the federal court because [the state court] has denied him due process" (id.; see dkt. entry no. 14, 7-11-08 Supplemental Pleading at 10 (stating the state court has not provided him with a fair hearing));

(4) he "is removing this to United State District Court because there are no fewer than five Superior Court Judges and/or their staffs . . . and two Appellate Division Judges who have been implicated in this miscarriage of justice" (Rmv. Not. at 5);

(5) "[n]othing has been adjudicated", and "[j]ust because [the plaintiff] was able to pull off grand larceny with the help of the court does not mean that anything was adjudicated" (id. at 6);

(6) he "was framed up with two fictitious transactions" (id. at 7);

(7) "[t]he rulings of the [state court] have not been based on the law" (id. at 9);

(8) the state courts failed to follow Caterpillar Financial Services Corp. v. Wells, 651 A.2d 507 (N.J. Super. Ct. 1994), in adjudicating this matter (id. at 5, 9-10; see also dkt. entry no. 13, 6-26-08 Supplemental Pleading at 9-12); and

(9) this case "is about the cover up of a huge accounting scandal that may be found ultimately to be on the level of Enron" (Rmv. Not. at 4), the plaintiff's counsel and the state courts have conspired against him (id. at 8), and the state court "has acted like the Lord Protector for [the plaintiff and its counsel]" (6-26-08 Supplemental Pleading at 13).

The exhibits annexed to the Notice of Removal show that Ott has raised all of these arguments in the state courts. (See Rmv. Not., Exs.) Ott also seeks to bring third-party claims here. (Dkt. entry no. 2, Purported 3d Party Compl.; dkt. entry no. 20, Purported Am. 3d Party Compl.)[1]

---

[1] The Court has reviewed all of the documents submitted by Ott, even if they are not cited in this Memorandum Opinion.

**OTT** is attempting to avoid several state-court orders and judgments by removing the action.  But the proper way to proceed is to move in state court to vacate the orders and judgments, seek review through the state appellate process, and then seek certiorari to the United States Supreme Court.  See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).

**THE ROOKER-FELDMAN DOCTRINE** bars adjudication of a matter if the federal district court would be required to either determine whether a state court's decision is wrong or void that decision, thereby preventing the state court from enforcing its orders or judgments.  See McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005); E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997) (stating Rooker-Feldman doctrine bars federal district court from reviewing lower state-court decision); Port Auth. Police Benv. Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 177-78 (3d Cir. 1992) (same).  This doctrine also applies to actions removed from state court. See State Farm Indem. v. Fornaro, 227 F.Supp.2d 229, 241-42 (D.N.J. 2002) (remanding action where party sought review of state-court judgment); see also GRP Loan v. Vaneck, No. 08-375, 2008 WL 2902607, at *1 (D. Conn. July 24, 2008) (remanding action where party sought to avoid state-court orders); Citibank, N.A. v. Swiatkoski, 395 F.Supp.2d 5, 9-10 (E.D.N.Y. 2005) (same); Mtge. Elec. Registration Sys. v.

4

Cromwell, No. 05-140, 2005 WL 2234041, at *1 (N.D. Fla. Sept. 13, 2005) (same). Ott is barred from removing this action, as the relief he seeks "can only be predicated upon a finding that the state court[s] ha[ve] made incorrect factual and legal determinations in entering [their] orders". McAllister, 128 Fed.Appx. at 902.[2]

**OTT'S** is also barred by the Rooker-Feldman doctrine from bringing third-party claims in federal court; to permit him to proceed thereon would be akin to determining that the March 2008 Order is void. In any event, a third-party claim cannot create a basis for removal. See Palmer v. Univ. of Med. & Dentistry of N.J., No. 08-3066, 2009 WL 792823, at *4-*8 (D.N.J. Mar. 27, 2009); Monmouth-Ocean Collection Serv. v. Klor, 46 F.Supp.2d 385, 389-93 (D.N.J. 1999); Kaye Assocs. v. Bd. of Chosen Freeholders, 757 F.Supp. 486, 488-89 (D.N.J. 1991).[3]

---

[2] Furthermore, an allegation of unfair treatment by a state court does not create a basis for removal. See J&J Mobile Home Park v. Bell, 266 Fed.Appx. 195, 196 (3d Cir. 2008).

[3] Ott's third-party claim against Municipal Court Judge Edward H. Herman — which is based upon orders issued by and the conduct of Judge Herman — would be barred nonetheless. Under the absolute-immunity doctrine, judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and alleged to have been done maliciously or corruptly. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).

5

**THE COURT** will remand this action under the Rooker-Feldman doctrine, and issue an appropriate Order and Judgment.[4]

                                       s/ Mary L. Cooper
                                     **MARY L. COOPER**
                                     United States District Judge

**Dated:**    April 13, 2009

---

[4] The Court notes that the time to remove the action under 28 U.S.C. § 1332 — assuming, arguendo, that there is diversity of citizenship and the amount in controversy exceeds $75,000 — expired long ago. See 28 U.S.C. § 1446(b).

    Ott's petition for bankruptcy protection is mentioned in the papers. The Court will not refer this action to the United States Bankruptcy Court, as Ott's petition has been dismissed. See In re Ott, N.J. Bankr. Ct. No. 08-10369, dkt. entry no. 33, 9-26-08 Order.